1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE EASTERN DISTRICT OF CALIFORNIA

9   WILLIAM BELL III,

10             Plaintiff,                    No. CIV S-11-1864 MCE DAD PS

11        v.

12   UNIVERSITY OF CALIFORNIA          ORDER
     DAVIS MEDICAL CENTER, et al.,
13
               Defendants.
14   _____/

15             This matter was referred to the undersigned in accordance with Local Rule

16   302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis

17   pursuant to 28 U.S.C. § 1915.

18             Plaintiff however has submitted an incomplete in forma pauperis application.

19   Specifically, plaintiff has answered "not applicable" to several of the questions posed in the form

20   in forma pauperis application, despite the fact that the requested information is clearly applicable.

21   (In Forma Pauperis Application (Doc. No. 3) at 1-4.)  For example, despite stating in his

22   complaint that this matter concerns the termination of his employment, plaintiff states in his in

23   forma pauperis application that the date of his last employment and the amount of his gross and

24   net salary for his last employment is not applicable.  Plaintiff has also failed to answer other

25   questions posed on the in forma pauperis application, such as whether within the past twelve

26   months he has received any money from a business, profession or self employment and whether

1

1  he owns an automobile.  Plaintiff's in forma pauper application will therefore be denied without

2  prejudice to filing a completed in forma pauperis application.

3          Moreover, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in

4  forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is

5  frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

6  relief against an immune defendant.  To state a claim on which relief may be granted, the

7  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl.

8  Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks an arguable

9  basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v.

10  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

11          In considering whether a complaint states a cognizable claim, the court accepts as

12  true the material allegations in the complaint and construes the allegations in the light most

13  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.

14  v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

15  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

16  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

17  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

18  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

19          The minimum requirements for a civil complaint in federal court are as follows:

20          A pleading which sets forth a claim for relief . . . shall contain (1) a
           short and plain statement of the grounds upon which the court's
21          jurisdiction depends . . . , (2) a short and plain statement of the
           claim showing that the pleader is entitled to relief, and (3) a
22          demand for judgment for the relief the pleader seeks.

23  Fed. R. Civ. P. 8(a).

24          Here, plaintiff's complaint is deficient in several respects.  First, plaintiff alleges

25  that he was discriminated against by defendants in violation of the Americans With Disabilities

26  Act.  The Americans With Disabilities Act ("ADA") prohibits an employer from discriminating

against a qualified individual on the basis of a disability.  42 U.S.C. § 12112(a).  To establish a

prima facie case under the ADA that a defendant failed to accommodate a disability, plaintiff

must allege and demonstrate that: (1) he is disabled within the meaning of the ADA; (2) he is a

qualified individual able to perform the essential functions of the job, with reasonable

accommodations; and (3) he suffered an adverse employment action because of his disability.

Allen v. Pacific Bell, 348 F.3d 1113, 1114 (9th Cir. 2003); Nunes v. Wal-Mart Stores, Inc., 164

F.3d 1243, 1246 (9th Cir. 1999).  Here, plaintiff has failed to allege with any specificity the

precise nature of his disability, that he was otherwise qualified to perform the position in

question with reasonable accommodations, and that he suffered an adverse employment action at

the hands of the defendant because of his disability.

Second, plaintiff alleges that his complaint "is brought pursuant to Title VII of the

Civil Rights Act of 1964 for employment discrimination."  (Compl. (Doc. No. 1) at 3.)  Title VII

of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . .

to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national

origin."  42 U.S.C. § 2000e-2(a) (1).  Plaintiff's complaint however makes no mention of his

race, color, religion, sex, or national origin or how any defendant discriminated against plaintiff

based thereon.

Finally, in his complaint plaintiff names twenty defendants.  However, the factual

allegations found in plaintiff's complaint do not even mention the vast majority of those named

defendants.  Moreover, in his complaint plaintiff frequently uses the term "defendant" without

ascribing the actions alleged to any named defendant.  Although the Federal Rules of Civil

Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the

plaintiff's claims and must allege facts that state the elements of each claim plainly and

succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

3

1    elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

2    assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S.

3    Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at

4    least some degree of particularity overt acts which the defendants engaged in that support the

5    plaintiff's claims. Jones, 733 F.2d at 649.

6          Accordingly, for the reasons cited above, plaintiff's complaint will be dismissed

7    for failure to state a claim.

8          The undersigned has carefully considered whether plaintiff may amend his

9    complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to

10    amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.

11    Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake

12    Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

13    while leave to amend shall be freely given, the court does not have to allow futile amendments).

14    However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be

15    dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in

16    support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,

17    1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v.

18    Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

19    amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

20    cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

21    1988)).

22          Here, the court cannot say that it appears beyond doubt that leave to amend would

23    be futile. Plaintiff's complaint will therefore be dismissed, and he will be granted leave to file an

24    amended complaint. Plaintiff is cautioned, however, that if he elects to file an amended

25    complaint "the tenet that a court must accept as true all of the allegations contained in a

26    complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

1   action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

2   "While legal conclusions can provide the complaint's framework, they must be supported by

3   factual allegations." Id. at 1950.  Those facts must be sufficient to push the claims "across the

4   line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

5          Plaintiff is also reminded that the court cannot refer to a prior pleading in order to

6   make an amended complaint complete.  Local Rule 220 requires that any amended complaint be

7   complete in itself without reference to prior pleadings.  The amended complaint will supersede

8   the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended

9   complaint, just as if it were the initial complaint filed in the case, each defendant must be listed

10  in the caption and identified in the body of the complaint, and each claim and the involvement of

11  each defendant must be sufficiently alleged.  Plaintiff's amended complaint must include concise

12  but complete factual allegations describing the conduct and events which underlie his claims.

13         Accordingly, IT IS HEREBY ORDERED that:

14         1.  Plaintiff's April 1, 2011, application to proceed in forma pauperis (Doc. No. 3)

15  is denied without prejudice.

16         2.  The complaint filed April 1, 2011 (Doc. No. 1) is dismissed with leave to

17  amend.

18         3.  Within twenty-eight days from the date of this order, an amended complaint

19  shall be filed that cures the defects noted in this order and complies with the Federal Rules of

20  Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case

21  number assigned to this action and must be titled "Amended Complaint."

22         4.  Failure to respond to this order in a timely manner may result in a

23  recommendation that this action be dismissed.

24  DATED: November 10, 2011.

25

26  DAD:6
    Ddad1\orders.pro se\bell1864.ifp.ord

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

5