IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BELL III,

    Plaintiff,                      No. CIV S-11-1864 MCE DAD PS

    v.

UNIVERSITY OF CALIFORNIA        ORDER
DAVIS MEDICAL CENTER, et al.,

    Defendants.
_____/

        This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff however has submitted an incomplete in forma pauperis application.  Specifically, plaintiff has answered "not applicable" to several of the questions posed in the form in forma pauperis application, despite the fact that the requested information is clearly applicable. (In Forma Pauperis Application (Doc. No. 3) at 1-4.)  For example, despite stating in his complaint that this matter concerns the termination of his employment, plaintiff states in his in forma pauperis application that the date of his last employment and the amount of his gross and net salary for his last employment is not applicable.  Plaintiff has also failed to answer other questions posed on the in forma pauperis application, such as whether within the past twelve months he has received any money from a business, profession or self employment and whether

1

he owns an automobile. Plaintiff's in forma pauper application will therefore be denied without prejudice to filing a completed in forma pauperis application.

Moreover, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's complaint is deficient in several respects. First, plaintiff alleges that he was discriminated against by defendants in violation of the Americans With Disabilities Act. The Americans With Disabilities Act ("ADA") prohibits an employer from discriminating

against a qualified individual on the basis of a disability.  42 U.S.C. § 12112(a).  To establish a prima facie case under the ADA that a defendant failed to accommodate a disability, plaintiff must allege and demonstrate that: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job, with reasonable accommodations; and (3) he suffered an adverse employment action because of his disability.  Allen v. Pacific Bell, 348 F.3d 1113, 1114 (9th Cir. 2003); Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).  Here, plaintiff has failed to allege with any specificity the precise nature of his disability, that he was otherwise qualified to perform the position in question with reasonable accommodations, and that he suffered an adverse employment action at the hands of the defendant because of his disability.

Second, plaintiff alleges that his complaint "is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination." (Compl. (Doc. No. 1) at 3.)  Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (1).  Plaintiff's complaint however makes no mention of his race, color, religion, sex, or national origin or how any defendant discriminated against plaintiff based thereon.

Finally, in his complaint plaintiff names twenty defendants.  However, the factual allegations found in plaintiff's complaint do not even mention the vast majority of those named defendants.  Moreover, in his complaint plaintiff frequently uses the term "defendant" without ascribing the actions alleged to any named defendant.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Accordingly, for the reasons cited above, plaintiff's complaint will be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiff may amend his complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and he will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if he elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 1, 2011, application to proceed in forma pauperis (Doc. No. 3) is denied without prejudice.

2. The complaint filed April 1, 2011 (Doc. No. 1) is dismissed with leave to amend.

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: November 10, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\bell1864.ifp.ord