IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BELL III,

        Plaintiff,                  No. CIV S-11-1864 MCE DAD PS

      v.

UNIVERSITY OF CALIFORNIA      ORDER
DAVIS MEDICAL CENTER, et al.,

        Defendants.

_____/

        This matter was referred to the undersigned in accordance with Local Rule

302(c)(21) and 28 U.S.C. § 636(b)(1).  On November 14, 2011, the court denied plaintiff's

application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 without prejudice and

dismissed his complaint with leave granted to file an amended complaint.  On December 14,

2011, plaintiff filed an amended complaint and an application to proceed in forma pauperis.

        Plaintiff's December 14, 2011 application to proceed in forma pauperis, however,

was not submitted on a proper form.  That application will therefore be denied, and plaintiff will

be granted thirty days to submit a new application on the form provided with this order.

        Moreover, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in

forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief against an immune defendant.  To state a claim on which relief may be granted, the

1    plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl.</u>

2 <u>Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks an arguable

3 basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Balistreri v.</u>

4 <u>Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

5          In considering whether a complaint states a cognizable claim, the court accepts as

6 true the material allegations in the complaint and construes the allegations in the light most

7 favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co.</u>

8 <u>v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245

9 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

10 lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court need not accept as

11 true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western</u>

12 <u>Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

13          The minimum requirements for a civil complaint in federal court are as follows:

14        A pleading which sets forth a claim for relief . . . shall contain (1) a
short and plain statement of the grounds upon which the court's

15        jurisdiction depends . . . , (2) a short and plain statement of the
claim showing that the pleader is entitled to relief, and (3) a

16        demand for judgment for the relief the pleader seeks.

17 Fed. R. Civ. P. 8(a).

18          Here, plaintiff's amended complaint is deficient in two respects.  First, and

19 foremost, the amended complaint does not contain a short and plaint statement of plaintiff's

20 claims showing that he is entitled to relief.  In this regard, the amended complaint has a section

21 captioned "LEGAL AND FACTUAL ISSUES" which merely lists ten subheadings referring to

22 apparent causes of action including age discrimination, disability discrimination, violation of the

23 Family Medical Leave Act, and the intentional infliction of emotional distress.  (Am. Compl.

24 (Doc. No. 15) at 13-24.)  Immediately following this section are seven stated causes of action.

25 The true number and nature of plaintiff's intended causes of action are not apparent.

26 /////

1    Moreover, plaintiff's amended complaint names over a dozen defendants.  (Id. at

2   1-2.)  The amended complaint, however, frequently fails to identify any individual defendant or

3   defendants when referring to specific causes of action and the actions allegedly taken against

4   him.  Instead, the amended complaint frequently uses the non-specific identifier "defendant."

5   For example, the amended complaint refers to "defendant's failure to accommodate him" and

6   alleges that the "actions of defendant constitute a wrongful discharge."  (Id. at 18, 31.)

7    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

8   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

9   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

10   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

11   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

12   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

13   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting

14   Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity

15   overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at

16   649.  In this regard, the amended complaint should state each cause of action separately and

17   allege facts that satisfy the elements of the claim both plainly and succinctly, alleging specific

18   acts engaged in by the identified defendant or defendants that would support plaintiff's claim.

19    Second, plaintiff alleges that his amended complaint "is brought pursuant to Title

20   VII of the Civil Rights Act of 1964 for employment discrimination."  (Am. Compl. (Doc. No. 1)

21   at 3.)  Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an

22   employer . . .  to discriminate against any individual with respect to his compensation, terms,

23   conditions, or privileges of employment, because of such individual's race, color, religion, sex,

24   or national origin."  42 U.S.C. § 2000e-2(a) (1).  Though the amended complaint identifies

25   /////

26   /////

1   plaintiff's race, it does not allege how any defendant discriminated against plaintiff based

2   thereon.[1]

3          Accordingly, for the reasons cited above, plaintiff's amended complaint will be

4   dismissed for failure to state a claim.

5          The undersigned has carefully considered whether plaintiff may further amend his

6   complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to

7   amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg.</u>

8   <u>Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988). <u>See also</u> <u>Klamath-Lake</u>

9   <u>Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

10  while leave to amend shall be freely given, the court does not have to allow futile amendments).

11  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be

12  dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in

13  support of his claim which would entitle him to relief.'" <u>Franklin v. Murphy</u>, 745 F.2d 1221,

14  1228 (9th Cir. 1984) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972). <u>See</u> <u>also</u> <u>Weilburg v.</u>

15  <u>Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

16  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

17  cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir.

18  1988)).

19         Here, the court cannot say that it is now beyond doubt that further leave to amend

20  would be futile. Plaintiff's amended complaint will therefore be dismissed, and he will be

21  granted leave to file a second amended complaint. Plaintiff is cautioned, however, that if he

22  elects to file a second amended complaint "the tenet that a court must accept as true all of the

23  allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

24  the elements of a cause of action, supported by mere conclusory statements, do not suffice."

25

26     [1] Moreover, it appears from the allegations found in the amended complaint that plaintiff
   is principally complaining about events and actions concerning his disability.

4

1   Iqbal, 129 S. Ct. at 1949.  "While legal conclusions can provide the complaint's framework, they

2   must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the

3   claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550

4   U.S. at 557).

5           Plaintiff is also instructed that the court cannot refer to a prior pleading in order to

6   make an amended complaint complete.  Local Rule 220 requires that any amended complaint be

7   complete in itself without reference to prior pleadings.  Any second amended complaint will

8   supersede both the original and the amended complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

9   Cir. 1967).  Thus, in a second amended complaint, just as if it were the initial complaint filed in

10  the case, each defendant must be listed in the caption and identified in the body of the complaint,

11  and each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff's

12  second amended complaint must include concise but complete factual allegations describing the

13  conduct and events which underlie his claims.

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.  Plaintiff's December 14, 2011, application to proceed in forma pauperis (Doc.

16  No. 16) is denied without prejudice;

17          2.  The complaint filed December 14, 2011 (Doc. No. 15) is dismissed with leave

18  to amend;

19          3.  The Clerk of the Court is directed to send plaintiff an Application to Proceed

20  In District Court Without Prepaying Fees or Costs;

21          4.  Plaintiff shall submit, within thirty days from the date of this order, a properly

22  completed application to proceed in forma pauperis on the form provided with this order;

23          5.  Within thirty days from the date of this order, an amended complaint shall be

24  filed that cures the defects noted in this order and complies with the Federal Rules of Civil

25  Procedure and the Local Rules of Practice.  The amended complaint must bear the case number

26  assigned to this action and must be titled "Second Amended Complaint"; and

6.  Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: April 12, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\bell1864.ifp.ord2