IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM BELL III, | | |
| | Plaintiff, | No. 2:11-cv-1864 MCE DAD PS |
| v. | | |
| UNIVERSITY OF CALIFORNIA DAVIS MEDICAL CENTER, et al., | | <u>ORDER DIRECTING CLERK TO SEND MATERIALS FOR SERVICE, AND REQUIRING SERVICE BY UNITED STATES MARSHAL</u> |
| | Defendants. / | |

This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 30, 2012 plaintiff filed a second amended complaint together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. Nos. 18 & 19.)

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is
3  based on an indisputably meritless legal theory or where the factual contentions are clearly
4  baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).
5         To state a claim on which relief may be granted, the plaintiff must allege "enough
6  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550
7  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court
8  accepts as true the material allegations in the complaint and construes the allegations in the light
9  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.
10 Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,
11 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
12 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as
13 true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
14 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
15         The minimum requirements for a civil complaint in federal court are as follows:
16         A pleading which sets forth a claim for relief . . . shall contain (1) a
           short and plain statement of the grounds upon which the court's
17         jurisdiction depends . . . , (2) a short and plain statement of the
           claim showing that the pleader is entitled to relief, and (3) a
18         demand for judgment for the relief the pleader seeks.
19 Fed. R. Civ. P. 8(a).
20         Here, in his second amended complaint plaintiff alleges that he is an African
21 American male who suffered from a serious medical condition and was discriminated against by
22 defendants during his employment due to his race and disability.  Accordingly, plaintiff's second
23 amended complaint alleges causes of action for violations of Title VII of the Civil Rights Act of
24 1964, ("Title VII"), 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act of 1990
25 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California's Fair Employment and Housing Act,
26 ("FEHA"), California Government Code §§ 12900 et seq.  Plaintiff seeks an award of damages

1    and to be reinstated to his former employment.

2    However, in addition to naming the University of California Davis Medical
3    Center as a defendant, the second amended complaint also names roughly a dozen individual
4    defendants. "Individuals may not be sued for damages under Title VII, [and] supervisors and
5    coworkers are not individually liable under the ADA for disability discrimination." Larson v.
6    Conewango Products, Corp., No CV F 09-1060 LJO SMS, 2010 WL 1135987, at *4 (E.D. Cal.
7    Mar, 22, 2010). See Craig v. M &O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007); Walsh
8    v. Nevada Dept. of Human Resources, 471 F.3d 1033, 1037-38 (9th Cir. 2006); Holly D. v.
9    California Institute of Technology, 339 F.3d 1158, 1179 (9th Cir. 2003); Miller v. Maxwell's
10   Intern. Inc., 991 F.2d 583, 587 (9th Cir. 1993). "Similarly, under FEHA, no individual liability
11   attaches for claims of discrimination . . . or retaliation[.]" Lelaind v. City and County of San
12   Francisco, 576 F. Supp.2d 1079, 1089 (N.D. Cal. 2008). Accordingly, plaintiff's claims under
13   Title VII, the ADA and FEHA cannot proceed against the named individual defendants.

14   In his second amended complaint plaintiffs has, however, alleged sufficient facts
15   to state cognizable claims for violations of Title VII, the ADA and FEHA, and for the intentional
16   infliction of emotional distress and wrongful termination against the University of California
17   Davis Medical Center, as well as a claim for violation of the Family Medical Leave Act against
18   both the University of California Davis Medical Center and defendant Theresa Meagher.[1]

19   /////
20   /////
21

---

[1] Although the Ninth Circuit has yet to address the issue of whether a supervisor can be individually liable as an employer under the Family Medical Leave Act ("FMLA"), and the circuit courts that have addressed this issue are split, judges of this district have held that a "plain reading of the statute shows that individuals can be liable under the FMLA." Sutton v. Derosia, No. 1:11-cv-01426-LJO-JLT, 2012 WL 4863788, at *6 (E.D. Cal. Oct. 12, 2012). See also Bonzani v. Shinseki, No. 2:11-cv-0007-EFB, 2012 WL 3993426, at *6 (E.D. Cal. Sept. 11, 2012); Mercer v. Borden, 11 F. Supp.2d 1190, 1191 (C.D. Cal. 1998) ("the Court holds individuals are potentially subject to liability under the FMLA.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 19) is granted.

2. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, two USM-285 forms, a summons form, and an endorsed copy of plaintiff's second amended complaint filed April 30, 2012. (Doc. No. 19).

3. Within thirty (30) days after this order is served, plaintiff shall submit to the United States Marshal two properly completed USM-285 forms, two properly completed copies of the summons form, and the number of copies of the endorsed complaint and of this order required by the United States Marshal; the required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

4. Within ten (10) days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which he submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

5. Within thirty (30) days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants University of California Davis Medical Center and Theresa Meagher, without prepayment of costs.

DATED: October 25, 2012.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\bell1864.ifp.serve.ac

4