UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BELL III, | No. 2:11-cv-1864 MCE AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| UNIVERSITY OF CALIFORNIA DAVIS MEDICAL CENTER, ET AL., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). On June 26, 2013, defendants filed a motion to dismiss the third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter is set for hearing on September 25, 2013. To date, plaintiff has not filed an opposition, though he was previously warned that failure to serve an opposition would be deemed a statement of non-opposition and shall result in a recommendation that this action be dismissed. ECF No. 53.[1]

Local Rule 230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the

---

[1] Although it appears from the docket that plaintiff's copy of the court's August 14, 2013 order was returned, plaintiff was properly served. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1

motion has not been timely filed by that party."

Plaintiff has not filed opposition to defendants' motion to dismiss. Plaintiff's failure to oppose should therefore be deemed a waiver of opposition to the granting of the motion. "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;  and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for over two years and has not yet reached the stage for a scheduling order. Plaintiff's failure to comply with the Local Rules and the court's August 14, 2013 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set

forth supra, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that the hearing on defendants' motion to dismiss, set for September 25, 2013, is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' June 26, 2013 motion to dismiss (ECF Nos. 49, 50) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;bell1864.46dm